IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LACHHMAN DASS GUPTA and MANJULA GUPTA, | § § § | No. 395, 2017 |
| Defendants Below, Appellants, | § § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § § | C.A. No. SK02J-05-068 |
| CITIZENS BANK, Successor to MELLON BANK (DE) NATIONAL ASSOCIATION, | § § § § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: April 13, 2018
Decided: June 28, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

(1)    Lachhman Dass Gupta ("Mr. Gupta") has appealed a Superior Court order denying his request for review of a Commissioner's orders that denied his motion to compel and motion to set aside judgment.[1]  Mr. Gupta filed his motions in May 2017 in a debt action that was brought 15 years ago by Citizens Bank against Mr. Gupta and his wife Manjula Gupta.  Citizens

---

[1] *See* Del. Super. Ct. Civ. R. 60(b) (providing that the court may relieve a party from a final judgment for, *e.g.*, mistake, fraud, misrepresentation or other misconduct of an adverse party, or for any other reason justifying relief).

Bank prevailed in the debt action in 2003 and also in the Supreme Court appeal, which concluded in 2004.[2]

(2) Mr. Gupta's motions, the bank's responses, and Mr. Gupta's replies were referred to a Commissioner. The Commissioner held a hearing on August 3, 2017. At the conclusion of the hearing, the Commissioner denied the motions from the bench and in written orders dated August 3, 2017. When ruling from the bench, the Commissioner addressed Mr. Gupta, stating, "I have seen no evidence presented to me in any of your filings, anything that you've stated that would indicate to me that the bank has done anything fraudulent in this matter, and the matter is closed. The matter was litigated. The matter is done."[3]

(3) On August 11, 2017, Mr. Gupta appealed the Commissioner's August 3 orders to the Superior Court. The bank filed a response. By order dated September 14, 2017, a Superior Court Judge construed the appeal as a request for reconsideration of the Commissioner's orders and denied reconsideration after reviewing the record de novo. This appeal followed.

---

[2] *Gupta v. Citizens Bank*, 2004 WL 1058409 (Del. May 4, 2004), *reargument denied*, (Sept. 28, 2004).
[3] Hr'g Tr. at 19 (Aug. 3, 2017).

2

(4) An issue not raised on appeal but considered by the Court concerns the standard of review the Judge used when reviewing the Commissioner's orders. As outlined in Superior Court Civil Rule 132, the degree of deference given to a Commissioner's order is determined by whether the order is case dispositive or non-case dispositive.[4] Under Rule 132(a)(3)(iv), a non-case-dispositive order is subject to a deferential standard of review. Rule 132(a)(4) requires de novo review of a case dispositive order.

(5) In this case, the Superior Court's September 14 order does not indicate whether the Judge viewed the Commissioner's August 3 orders as case dispositive, non-case dispositive, or a mixture of both. The order does state, however, that the Judge reviewed the record de novo. Therefore, we are satisfied that the case- dispositive aspects of the Commissioner's orders—namely, the August 3 order denying the motion to set aside a judgment[5]—

---

[4] *Compare* Del. Super. Ct. Civ. R. 132(a)(3)(iv) (providing that a judge may reconsider a non-case-dispositive matter "only where it has been shown on the record that the Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion") *with* R. 132(a)(4)(iv) (providing that a judge shall make a de novo determination of a case-dispositive matter and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Commissioner [and] may receive further evidence or recommit the matter to the Commissioner with instructions").

[5] *See, e.g., Hargreaves v. Estate of Zecca*, 1987 WL 38342 (Del. Aug. 4, 1987) (finding that dismissal of Rule 60(b) motion for relief from judgment had the effect of a final order).

3

received the appropriate non-deferential standard of review, and we affirm the Superior Court's judgment.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
              Justice